IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL ARON HUMPHREY, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO. 02-S-1854-E
)
WARDEN JAMES DELOACH; )
ATTORNEY GENERAL FOR THE )
THE STATE OF ALABAMA, )
)
Respondents. )

**ENTERED**
**OCT - 3 2003**

## MEMORANDUM OF OPINION

On September 22, 2003, petitioner filed objections to the magistrate judge's findings and recommendation. (Doc. # 13). The magistrate judge concluded that issues 1, 2, and 6 were procedurally barred because they were never raised in state court. Petitioner argues as cause for this procedural default that trial counsel was ineffective for failing to object to the trial court's failure to charge the jury on manslaughter; however, this failure cannot excuse petitioner's failure to raise issues 1, 2 and 6 either on direct appeal or in the Rule 32 petition.

Further, the magistrate judge concluded that, with respect to trial counsel's failure to object to the trial court's failure to charge the jury on manslaughter, petitioner cannot satisfy the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984) because he cannot demonstrate that but for the absence of the manslaughter charge the jury would have reached a different decision.

With respect to the sufficiency of the evidence claim, the magistrate judge properly concluded that "Viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the necessary element of intent to support a murder conviction and rejected the self-defense theory."

The magistrate judge concluded that issue 4, the alleged ineffective assistance of trial counsel based on his failure to challenge the pre-arrest confession made in violation of *Miranda*, was procedurally barred from federal review due to petitioner's failure to raise issue it on appeal from the denial of the Rule 32 petition. Petitioner has not shown cause and prejudice for his failure to raise this claim on appeal from the Rule 32 petition. Moreover, the magistrate judge noted and the court agrees that such a challenge would be without merit. See, footnote 2, page 6 of findings and recommendation.

The objections are due to be overruled, and the petition for writ of habeas corpus is due to be denied. A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

DONE this the \_\_\_3rd\_\_\_ day of October, 2003.

_____
UNITED STATES DISTRICT JUDGE